U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS

**ENTERED**

TAWANA C. MARSHALL, CLERK
THE DATE OF ENTRY IS
ON THE COURT'S DOCKET

**The following constitutes the order of the Court.**

**Signed January 13, 2006** **United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **GRAPEVINE CHILDREN'S ACADEMY, LLC.** | § | **CASE 05-45819-RFN-11** |
| | § | |
| | § | **CHAPTER 11** |
| **DEBTOR.** | | |

# FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING CONFIRMATION OF PLAN OF REORGANIZATION, AS MODIFIED

CAME ON for confirmation hearing on the 10th day of January, 2006, the Plan of Reorganization, filed by Grapevine Children's Academy, LLC. (the "Debtor") on October 4, 2005 (the "Plan"). The following Findings of Fact and Conclusions of Law are entered pursuant to Federal Rules of Bankruptcy Procedure 9052 and 9014. Such findings may be characterized as conclusions or conclusions as findings, where appropriate.

**Findings of Fact**

1. The Plan has been proposed in good faith under Section 1129(a)(3) by the Debtor and those who are to participate in the funding of the Plan and not by any means forbidden by law and all such parties are entitled to the protections of Section 1125 (e).

2. Payments made or to be made by the Debtor for services or for costs and expenses in or in connection with the Plan or case have been approved by or are subject to the approval of this Court.

3. The Debtor has disclosed the identities of insiders to be retained by the reorganized Debtor.

4. To the extent any rates charged by the Debtor are regulated by any governmental regulatory commission, such rates have not been changed under the Plan.

5. There are no dissenting classes of claims. All classes of claims entitled to vote, voted in favor of the Plan, after due consideration of which creditors who voted, are insiders of the Debtor.

6. Claims entitled to priority under 11 U.S.C. § 507(a)(1)-(7) will be paid in accordance with Bankruptcy Code or as per the provisions of the Plan.

7. With respect to the class of interests, such interest holders will receive 35% of the shares of the Debtor under the Plan. The Plan otherwise meets the requirements of 11 U.S.C. § 1129.

8. The Debtor's Plan is feasible and the confirmation of the Plan is not likely to be followed by the liquidation, or need for further financial reorganization of the Debtor except where liquidation is required by the Plan.

9. All fees payable under 28 U.S.C. § 1930 have been paid or the Plan provided for the payment of such fees on the Plan Closing Date.

10. There are no retiree benefits involved in this case.

11 . Notice of the confirmation hearing has been given to all of those creditors and parties in interest listed in the mailing matrix for these cases.

**Conclusions of Law**

12. The Court has jurisdiction over this matter as a core proceeding pursuant to 28 U.S.C. § 157 (b)(2)(A)-(L), and (O).

13. The Plan complies with all of the applicable provisions of Title 11 of the United States Bankruptcy Code.

14. The Debtor has complied with the applicable provisions of the Bankruptcy Code in proposing the Plan.

# # # End of Order # # #

Submitted by:

**E. P. Keiffer**
**SBN: 11181700**
**Amanda C. Ellis**
**SBN: 24014130**
**HANCE SCARBOROUGH WRIGHT**
**GINSBERG & BRUSILOW, LLP**
**The Elm Place Building**
**1401 Elm Street, Suite 4750**
**Dallas, TX 75202**
**Phone: (214) 651-6500**
**Fax: (214) 744-2615**
**E Mail: pkeiffer@hswgb.com**

**ATTORNEYS FOR GRAPEVINE CHILDREN'S ACADEMY, LLC.**